# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 14, 2011

Lyle W. Cayce
Clerk

No. 10-31218
Summary Calendar

MAMIE HART MARTIN,

Plaintiff-Appellant,

v.

BUDGET RENT-A-CAR SYSTEMS INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC 2:10-CV-166

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Mamie Martin appeals the district court's summary judgment on her Title VII discrimination and retaliation claims in favor of Budget Rent-A-Car, Inc. (Budget).  Because nothing in the record shows that Martin was treated less favorably than other similarly-situated employees, or that the reason given for her dismissal from Budget—that is, her shouting match

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 10-31218

with another employee at work—was a pretext for employment discrimination or retaliation, we AFFIRM.

I.

Martin began working for Budget in 1986, working in a variety of positions until 2005 when her branch was closed and she was laid off.  In 2006, Budget re-hired Martin, at the age of forty-seven, as a customer service representative (CSR) in the New Orleans airport branch.

In May 2007, Martin called Budget's Ethics and Compliance Hotline and complained that her manager was showing favoritism to some employees. While the call was made anonymously and Martin's name appears nowhere in the report from the call, it is undisputed that Martin called the hotline.  In the call, Martin stated that her manager refused to share the phone number of another employee with Martin and lied about not knowing the number.  Martin also stated that the manager shared the contents of a private meeting between the manager and  Martin with other employees.  In addition, Martin stated that the manager allowed other employees to break company policy regarding car and cell phone use because they were friends with the manager.  In the call, Martin did not make any claim of individual age discrimination, nor did she allege that the favoritism she described was based on the age of any employee.

In the year following Martin's call to the hotline, she received nine write-ups for violations of Budget's policies and procedures.  Budget contends that the increased scrutiny was because of an internal audit that Budget conducted in 2007, during which Budget reviewed all rental reports and agreements for the previous six months and found a general lack of adherence to rental policies.  As a result of the audit, Budget began closely reviewing the rental agreements and reports produced by CSRs, including Martin.  Martin was written up nine times for violating various rental policies, such as the failure to swipe credit cards and the failure to note the reason for a vehicle exchange.  Based on Budget's

No. 10-31218

progressive disciplinary system, which provides for automatic penalties based on a certain number of write-ups, Martin was eligible to be suspended after these write-ups. Instead, Martin's supervisors gave her a final warning in lieu of suspension, but Martin received two additional write-ups shortly thereafter. Nonetheless, Martin alleges that her write-ups were retaliatory in nature.

Martin admitted at her deposition that she got into a shouting match with another employee, also over the age of forty, about a year after the audit. It is undisputed that a customer in the store could see her arguing with the other employee through the window, although he could not hear their verbal exchange. She further admitted that she walked into the store and called the other employee "ignorant" in front of the customer, although she testified that she did not realize the customer was there at the time. Both Martin and the bus driver were suspended pending an investigation. After the investigation, Budget determined that Martin and the other employee were abusive and threatening toward each other. As a result, both were terminated.

Martin filed a complaint in the United States District Court for the Eastern District of Louisiana alleging that Budget discriminated against her on the basis of her age and retaliated against her after she called the company ethics hotline. The district court granted summary judgment because Martin had not established a prima facie case for either her discrimination or retaliation claims. The district court determined that Martin's discrimination claim failed because she did not establish that she was treated differently than similarly-situated employees, and her retaliation claim failed because she did not establish a causal connection between her hotline call and her termination. In addition, the district court determined that, even if Martin had established a prima facie case, she did not show that Budget's non-discriminatory reason—getting into a shouting match with another co-worker at work—was merely a pretext for discrimination or retaliation.

No. 10-31218

II.

Martin argues that the district court erred in granting summary judgment in favor of Budget.  We review a district court's grant of summary judgment de novo.  *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 991–92 (5th Cir. 2005). Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  As the district court observed, Martin's burden to show a genuine issue of fact is not satisfied with "some metaphysical doubt," "conclusory allegations," "unsubstantiated assertions," or a "scintilla of evidence."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).

A.

To establish a prima facie case of age discrimination, Martin must demonstrate that (1) she is a member of a protected class, (2) she was qualified for the position at issue, (3) she was the subject of an adverse employment action, and (4) she was treated less favorably because of her membership in that protected class than were other similarly-situated employees who were not members of the protected class, under nearly identical circumstances.  *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973) (establishing the burden-shifting framework and explaining that, as the facts will vary from case to case, so too will the specific prima facie proof required).

This case turns on the fourth prong.  We have held that plaintiffs offering another employee as a comparator must demonstrate that the employment actions at issue were taken under "nearly identical" circumstances.  *Lee*, 574 F.3d at 260.    Circumstances are considered "nearly identical" when the employees being compared (1) held the same job responsibilities, (2) shared the same supervisor, or had their employment status determined by the same person, and (3) have essentially comparable violation histories.  *Id.* at 260–61.

4

No. 10-31218

In addition, the court finds it critical that the conduct that drew the adverse employment action must have been "nearly identical" to the conduct of the employee being offered for comparison. *Id.*

As the district court determined, none of the younger employees offered by Martin for comparison are similarly situated to her. Martin offered Milton Kelly as evidence of a younger, similarly-situated employee who was treated more favorably than Martin. Martin and Kelly were not similarly situated, however. Kelly was a member of a union and a service agent, responsible for cleaning the cars, not a CSR, responsible for renting the cars. Further, to the extent that Kelly could be considered similarly situated, he was not treated more favorably than Martin. Kelly was written up and eventually fired for arguing in a rude and hostile manner with another employee in front of a customer, just like Martin. Although Martin argues that it took longer for Budget fire Kelly after the argument, Kelly's membership in the union explains any alleged difference. Kelly was treated the same as Martin, not more favorably, and does not establish Martin's prima facie case.

Martin also offers three other employees, Guess, Kiki, and Terrilynn. Those employees, however, are bus drivers and therefore hold different job responsibilities than Martin, who is a CSR. In addition, Martin's argument that Guess, Kiki, and Terrilynn are similarly situated simply because they are all responsible for "providing a service to customers" does not meet the nearly identical standard. If it did, every employee of a company would be considered to have the same job responsibilities simply by virtue of providing customer service. Further, Guess is a union employee, whereas Martin is not. Martin also offers Breit as a comparator. Breit is a manager at Budget who has very different job responsibilities than a CSR, as well as different supervisors. Martin did not produce any evidence that these employees were similarly situated to her, much less that she was treated less favorably under nearly

5

identical circumstances. Therefore, the district court properly granted summary judgment for Budget on Martin's age discrimination claim.

Martin's claim also fails on the third step of the burden-shifting framework. If a plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to bring forward a legitimate, non-discriminatory reason for the adverse employment action. *See McDonnell Douglas*, 411 U.S. at 792. If the defendant brings forward a legitimate reason, the burden shifts back to the plaintiff to demonstrate that the employer's explanation is merely a pretext for discrimination. *Id.* "A plaintiff can establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Nasti v. Cabi Specialty Chems.*, 492 F.3d 589, 593 (5th Cir. 2007) (internal quotation marks omitted).

As the district court determined, even assuming *arguendo* that Martin established a prima facie case for discrimination, she has not put forth any summary judgment evidence of pretext. To show pretext, Martin argues that 1) she was similarly situated to younger employees who engaged in nearly identical activities and were not fired, 2) one of Budget's managers made ageist statements, and 3) Budget's poor economic condition contributed to the discrimination against older employees.

Martin's arguments regarding pretext fail. For the reasons stated above, Martin failed to establish that she was similarly situated to younger employees. Because of this, her allegations that other employees who violated different company policies were not fired do not establish a pretext for age discrimination. Nor do her supervisor's ageist comments allegedly made a year before Martin's termination amount to evidence of discrimination or pretext. These comments do not demonstrate that the reason given by Budget for Martin's termination was pretextual.

No. 10-31218

Further, Budget's economic conditions are wholly irrelevant to the issue of pretext. We will not engage in second-guessing of an employer's business decisions. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007). Martin has not put forth any evidence that Budget's poor financial conditions somehow established that terminating her employment was a result of discrimination, rather than a legitimate business decision. The district court properly granted summary judgment on Martin's discrimination claim.

B.

Martin next argues that the district court improperly granted summary judgment on her retaliation claim. Under Title VII, an employee is protected from actions that might well have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Sante Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Washington v. Ill. Dept. of Revenue*, 420 F.3d 658, 662 (7th Cir. 2005)). To establish a prima facie case of retaliation, Martin must show that: (1) she participated in an activity protected by Title VII, (2) Budget took an adverse employment action against her, and (3) a causal connection exists between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007).

As the district court stated, Martin failed to establish a prima facie case of retaliation because she did not show that the adverse employment action was taken based on any protected activity. As stated above, Martin's complaint to Budget's hotline did not allege less favorable treatment because of her age. Martin asserts that the terms "favoritism" and "discrimination" are used interchangeably in Budget's anti-discrimination policy, such that her complaint that employees were given preferential treatment because they were "friends" with the manager qualifies as a complaint of age discrimination. Nothing in the protected activity—the hotline complaint—established that Martin alleged she was being treated differently because of her age, however. In addition, Martin

7

No. 10-31218

fails to establish a causal connection between the hotline complaint, which occurred nearly a year before Martin was terminated for the heated argument with another employee, and her termination.

Again, even assuming *arguendo* that Martin established a prima facie case of discrimination, Martin failed to establish that Budget's non-retaliatory reason—that is, her argument with another employee at work—was merely a pretext for retaliation. If a plaintiff establishes a prima facie case of retaliation, the burden shifts to the defendant to bring forward a legitimate, non-discriminatory reason for the adverse employment action. *See McDonnell Douglas*, 411 U.S. at 792. If the defendant brings forward a legitimate reason, the burden shifts back to the plaintiff to demonstrate that the employer's explanation is merely a pretext for retaliation. *See id.*

Martin reiterates the same pretext arguments articulated in her discrimination claim—that she was similarly situated to other employees who were treated differently. However, for the reasons already stated above, Martin's claims do not establish a pretext for a retaliation claim. Therefore, the district court properly granted summary judgment on Martin's discrimination and retaliation claims.

AFFIRMED.